IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| RIZWANA ASKRI,<br>　　　　Appellant,<br><br>　v.<br><br>SPECIALIZED LOAN SERVICING LLC,<br>　　　　Appellee. | No: 1:22-cv-00231–MSN-IDD |

## MEMORANDUM OPINION & ORDER

This matter comes before the Court on Appellant Rizwana Askri's appeal from United States Bankruptcy Judge Klinette H. Kindred's February 17, 2022 Order granting Appellee Specialized Loan Servicing LLC's motion for relief from automatic stay. *See* Notice of Appeal (Dkt. No. 1). For the reasons set forth below, the Court will **DISMISS** this appeal as moot.

I.　　**RELEVANT FACTUAL & PROCEDURAL BACKGROUND**

Appellant Rizwana Askri executed a promissory note in the amount of $481,500 secured by real property located at 23367 Kerrisdale Way, Sterling, VA 20166 ("Property") pursuant to a deed of trust to which Appellee Specialized Loan Servicing LLC ("Specialized Loan Servicing") is the assignee. *See* Appendix (Dkt. No. 3-1) at 12–40. On November 24, 2021, Appellant Rizwana Askri filed a petition under Chapter 7 of the United States Bankruptcy Code. *Id.* at 1. Specialized Loan Servicing filed a motion for relief pursuant to 11 U.S.C. § 362 seeking relief from the automatic stay with respect to the Property. *Id.* at 8–11. Following a hearing, in an order dated February 17, 2022, the bankruptcy court granted Specialized Loan Servicing's motion for relief from the automatic stay ("February 17, 2022 Order") *id.* at 100–02, and terminated the automatic stay, permitting Specialized Loan Servicing to enforce the deed of trust. *Id.* On February 28, 2022,

Askri timely noticed an appeal of the February 17, 2022 Order. *Id.* at 118–19. On May 18, 2022, the bankruptcy court entered a discharge under 11 U.S.C. § 727 as to Askri. *In re Rizwana Askri*, 21-11928-KHK (Bankr. E.D. Va. May 18, 2022) (ECF No. 81); *see also id.* BNC Certificate of Mailing of Discharge of Debtor (May 20, 2022) (ECF No. 82).

On May 9, 2018, Askri submitted her brief in this action. (Dkt. No. 5). Specialized Loan Servicing submitted its brief on June 7, 2022 (Dkt. No. 6) and filed a notice of correction the following day clarifying that the bankruptcy court had entered a discharge as to Askri but that the bankruptcy case had not been dismissed (Dkt. No. 7). Askri did not submit a reply brief.

## II.   STANDARD OF REVIEW

"A case becomes moot, and therefore nonjusticiable, when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Fleet Feet, Inc. v. NIKE, Inc.*, 986 F.3d 458, 463 (4th Cir. 2021) (cleaned up). "'The doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction, which extends only to actual cases or controversies.'" *Id.* (citation omitted). "A district court must dismiss a bankruptcy appeal as moot 'if an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party.'" *Wilson v. Trustees Under Stan S. Cutler Revocable Tr. Agreement*, No. 3:19-CV-88, 2019 WL 6689903, at *1 (E.D. Va. Dec. 6, 2019) (quoting *Prologo v. Flagstar Bank, FSB*, 471 B.R. 115, 123 (D. Md. 2012)).

## III.   ANALYSIS

This Court finds that the discharge entered by the bankruptcy court renders Askri's appeal moot.[1] Upon the filing of a bankruptcy petition, an automatic stay shields petitioner from certain actions by creditors, including to enforce a lien. 11 U.S.C. § 362(a). That stay expires by operation

---

[1] This Court has considered the arguments advanced by Askri in her brief (Dkt. No. 5) but concludes that those arguments do not alter the finding that the appeal is rendered moot by the bankruptcy court's entry of discharge.

of law upon a bankruptcy court's entry of a Chapter 7 discharge as to the debtor. *Id.* § 362(c)(2)(C); *see also Riggs Nat'l Bank of Washington, D.C. v. Perry*, 729 F.2d 982, 986 (4th Cir. 1984) (automatic stay under 11 U.S.C. § 362(a) "continues to run until discharge is granted or denied").

By appealing the bankruptcy court's order granting Specialized Loan Servicing relief from the automatic stay, Askri seeks to return to the status quo before Specialized Loan Servicing's motion was granted—that is, when an automatic stay under 11 U.S.C. § 362(a)(1) was effectively shielding Askri from certain activities by creditors. But because the bankruptcy court's entry of a discharge removes the shield of an automatic stay by operation of the law, the status quo can no longer be reinstated. Courts have concluded that appeals of bankruptcy orders granting relief from the automatic stay provision of 11 U.S.C. § 362(a) are rendered moot upon the debtor's discharge. *In re Otero*, 741 F. App'x 761, 763–64 (11th Cir. 2018) (affirming district court's dismissal of debtor's appeal as moot upon entry of bankruptcy court's discharge order); *In re Brooks*, No. DKC 09-1408, 2009 WL 3379928, at *2 (D. Md. 2009) (dismissing appeal of bankruptcy order's grant of creditor's motion for relief from automatic stay as moot due to discharge entered by bankruptcy court). "[T]he automatic stay in question was dissolved when [Askri] received [her] discharge, so any ruling on our part would amount to 'an impermissible advisory opinion concerning' the propriety of the order granting relief from the automatic stay." *See In re Otero*, 741 F. App'x at 763–64 (citing *Neidich v. Salas*, 783 F.3d 1215, 1216 (11th Cir. 2015)).

Accordingly, it is hereby **ORDERED** that the appeal of Appellant Rizwana Askri from the bankruptcy court is **DISMISSED**.

The clerk is **DIRECTED** to mail a copy of this Memorandum Opinion and Order to Plaintiff.

It is **SO ORDERED**.

/s/
Hon. Michael S. Nachmanoff
United States District Judge

Alexandria, Virginia
February 17, 2023